UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT DURRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 1367 CDP |
| | ) |
| TECH ELECTRONICS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Robert Durrell worked at Tech Electronics, Inc., since 1994. After taking medical leave under the Family Medical Leave Act (FMLA)[1] in 2016, Durrell returned to work only to be terminated by Tech a few weeks later. In this action, Durrell claims that Tech unlawfully retaliated against him for taking FMLA leave, in violation of the FMLA; and unlawfully terminated him because of his disability, in violation of the Americans with Disabilities Act[2] and the Missouri Human Rights Act.[3] Durrell also brings state tort claims of slander/invasion of privacy and intentional infliction of emotional distress. Finally, Durrell seeks a declaration that portions of his employment agreement with Tech are void and/or unenforceable.

---

[1] 29 U.S.C. §§ 2601, *et seq.*
[2] 43 U.SC. §§ 12101-12213.
[3] Mo. Rev. Stat. § 213.055.

Durrell now seeks leave to file a second amended complaint, which does not add claims but merely adds a factual allegation to support his claim for declaratory relief. I will grant this motion. Because the second amended complaint does not change the nature or substance of Durrell's claims, I will consider Tech's pending motion to dismiss as being directed to the second amended complaint. For the following reasons, I will grant the motion in part and deny it in part.

**Legal Standard**

Tech seeks to dismiss Durrell's tort claims and his claim for declaratory relief under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. When reviewing a Rule 12(b)(6) motion to dismiss, I assume the allegations in the complaint to be true and construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1021 (E.D. Mo. 2013). To survive a motion to dismiss, the complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

## Background[4]

Robert Durrell began working at Tech as an estimator/account manager in 1994. He was an at-will employee. Contained within his employment agreement with Tech is a non-compete clause and a clause that permitted Tech to terminate him if he became unable to perform his duties because of illness, accident, or other physical or mental incapacity.

Beginning in 2015, Durrell began experiencing job-related anxiety for which he received medical treatment. Beginning January 18, 2016, Durrell took a five-week period of leave under the FMLA. Tech was aware that his leave was on account of work-related stress. When Durrell was ready to return to work after five weeks, Tech delayed his return for an additional four-to-five-week period. Upon Durrell's return, Tech presented him with a document outlining mandatory work-related changes to Durrell's work activities. Durrell signed the agreement under threat of immediate termination if he did not sign it. On April 22, 2016, Tech terminated Durrell's employment.

During Durrell's medical leave, Tech sent Durrell many emails that required responses. United States Marshals also went to Durrell's home during this time and demanded to examine the home and Durrell's personal belongings. Durrell

---

[4] The facts set out here are those alleged in the complaint and amended complaint, which I must assume are true for purposes of the motion to dismiss.

claims that Tech was responsible for sending the marshals to his home.

After Durrell was terminated, a Tech supervisor demanded that Durrell surrender the contents of his briefcase, which included Durrell's personal items. The marshals again visited Durrell at his home and demanded to examine his home and personal belongings. Durrell claims that it was Tech who sent the marshals.

Sometime after all of these events occurred, Durrell suffered a heart attack.

In November 2016, Tech informed Durrell that it had obtained information that Durrell may be employed by a competitor and thus was acting inconsistently with the non-compete clause of the employment agreement. Tech advised that it would asserts its rights thereunder.

## Discussion

A.  Slander/Invasion of Privacy

Tech seeks to dismiss Durrell's claims of slander and invasion of privacy, arguing that Durrell has failed to allege sufficient facts to meet the requisite elements of these torts.

1.  *Slander*

Libel and slander are subspecies of defamation. *Nazeri v. Missouri Valley Coll.,* 860 S.W.2d 303, 308 (Mo. 1993). Under Missouri law, "[i]n a defamation action, a plaintiff must establish: '1) publication, 2) of a defamatory statement, 3) that identifies the plaintiff, 4) that is false, 5) that is published with the requisite

degree of fault, and 6) damages the plaintiff's reputation.'" *Cockram v. Genesco, Inc.,* 680 F.3d 1046, 1050 (8th Cir. 2012) (quoting *State ex rel. BP Prod. N. Am., Inc. v. Ross,* 163 S.W.3d 922, 929 (Mo. banc 2005)). To state a claim for defamation, a plaintiff must include in his complaint the express statements claimed to be defamatory. *Tri-Cty. Retreading, Inc. v. Bandag Inc.*, 851 S.W.2d 780, 785 (Mo. Ct. App. 1993) (citing *Shurn v. Monteleone,* 769 S.W.2d 188, 191 (Mo. Ct. App. 1989)).

Tech claims that Durrell did not include any alleged defamatory statements in his amended complaint, and that therefore his claim of slander must fail. Durrell does not address this contention in his response to Tech's motion. I have reviewed Durrell's amended complaint and find Tech's argument to be well taken. I will therefore grant Tech's motion to dismiss in this regard and dismiss Durrell's slander claim.

2. *Invasion of Privacy*

Under Missouri law, "[a]n individual's right of privacy is legally protected, and violation of such right can under given circumstances provide an entitlement to relief." *Sofka v. Thal,* 662 S.W.2d 502, 509 (Mo. banc 1983). The right of privacy is invaded when there is "(1) unreasonable intrusion upon the seclusion of another; or (2) appropriation of the other's name or likeness; or (3) unreasonable publicity given to the other's private life; or (4) publicity that unreasonably places the other

in a false light before the public." *Id.* at 510. Tech claims that the allegations in Durrell's complaint fail to state a claim under any theory of this tort. In response, Durrell argues that he has sufficiently pled a claim under the intrusion-upon-seclusion theory of liability. I agree.

For the tort of intrusion upon seclusion, Missouri has adopted the Restatement (Second) of Torts' definition:

> One who intentionally intrudes, physically or otherwise upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Sofka,* 662 S.W.2d at 510 (quoting Restatement (Second) of Torts § 652B). To plead this claim under Missouri law, Durrell must allege "(1) the existence of a secret and private subject matter; (2) a right in the plaintiff[] to keep that subject matter private; and (3) the obtainment by the defendant of information about that subject matter through unreasonable means." *Hester v. Barnett*, 723 S.W.2d 544, 562 (Mo. Ct. App. 1987). Tech claims that Durrell has failed to allege any facts demonstrating that Tech obtained private subject matter that Durrell had a right to keep private and, further, that a reasonable person would not consider a mere visit from law enforcement officers offensive.

First, there can be no doubt that Durrell's home is a "secret and private subject matter" that Durrell had a right to keep private. *Ruzicka Elec. & Sons, Inc. v. Int'l Bhd. of Elec. Workers, Local 1, AFL-CIO*, 427 F.3d 511, 524 (8th Cir. 2005)

(Missouri law) (citing *Engman v. Sw. Bell Tel. Co.,* 591 S.W.2d 78, 81 (Mo. Ct. App. 1979)). Indeed, although ruling a Fourth Amendment issue, the Supreme Court in *Payton v. New York,* 445 U.S. 573 (1980), recognized that "[i]n none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home[.]" *Id.* at 589. An allegation that a third party entered into a private home without permission satisfies the first two elements of a claim of intrusion upon seclusion. *Engman,* 591 S.W.2d at 81. The third element is satisfied if it is pled that the third party saw "whatever there was to see" in the home, for "[w]hatever there was to see was the private property of the plaintiffs." *Id.* (internal quotation marks and citation omitted).

Here, taking all allegations of the complaint as true, Durrell has sufficiently pled that, at the direction of Tech, a third party entered into his home without his permission, thereby satisfying the first two elements of the tort. The third element is satisfied by Durrell's claim that his home and personal belongings were thereafter searched – whatever there was to see and examine was Durrell's private property. Although Tech contends that Durrell failed to plead that Tech itself obtained the private information, it can be reasonably inferred that Tech ultimately obtained the information given Durrell's claim that the third party who entered the home and conducted the search acted at the behest of Tech.

In addition, the pleaded facts are sufficient to demonstrate that a reasonable

person would find the method employed to invade Durrell's privacy highly offensive. Durrell claims that while he was on medical leave for work-related stress, Tech caused law enforcement officers to come to his home to search the home and his personal belongings. Given that Tech knew that Durrell was on medical leave for stress and was sending numerous emails to Durrell that required responses, to also cause law enforcement officers to go his home during this time to search his home and belongings would be highly offensive to a reasonable person.

Because Durrell's complaint states sufficient facts to raise a right to relief for invasion of privacy above the speculative level, Tech's motion to dismiss this claim will be denied.

B.  Intentional Infliction of Emotional Distress

"To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997). "The conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* (quoting *Warrem v. Parrish,* 436 S.W.2d 670, 673 (Mo. 1969)). "The conduct must be 'intended only to cause extreme emotional distress

to the victim.'" *Id.* (quoting *K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo. banc 1996)).

As stated above, Durrell alleges that Tech was aware of his work-related anxiety for which he took medical leave, but that despite its awareness of the nature of Durrell's illness, it nevertheless repeatedly sent emails to Durrell while he was on leave, requiring him to respond; caused law enforcement officers to search his home and his personal belongings while he was on medical leave for anxiety; demanded that Durrell forfeit his personal belongings from his brief case after termination; and again caused law enforcement officers to search his home after his termination. Durrell thereafter suffered a heart attack. Given the allegation that Tech engaged in this conduct knowing that Durrell's anxiety was severe enough for him to be on extended medical leave, I find at this stage of the proceedings that the facts alleged in the complaint are sufficient to show that Tech engaged in extreme and outrageous conduct for the purpose of intentionally or recklessly causing Durrell to suffer extreme emotional distress, which ultimately resulted in bodily harm. Tech's motion to dismiss this claim will be denied.

C.  Declaratory Relief

As an initial matter, I note that Durrell's claim for declaratory relief challenges two clauses of his employment agreement: the non-compete clause and the termination-for-illness clause. In its motion to dismiss, Tech seeks to dismiss

Durrell's claim only as it relates to the non-compete clause. Therefore, to the extent Tech seeks to dismiss Durrell's claim for declaratory relief in its entirety, the motion will be denied as to the termination-for-illness claim.

With respect to Durrell's claim that the non-compete clause of his employment agreement is unenforceable, the complaint alleges that Durrell was an at-will employee and that his employment agreement with Tech provided:

> 5. During the employment relationship and for a period of one (1) year(s) following the termination thereof, the Employee shall not, either solely or jointly with or as agent or employee for any other person, firm or company, directly or indirectly, carry on or be engaged in, employed by, concerned or interested in carrying on, within a one hundred and fifty mile radius of the cities of St. Louis, Missouri and Columbia, Missouri, any trade or business competitive with or similar to any trade or business carried on during the period of employment by the Employer.

Sec. Amd. Compl., ECF #16 at para. 73. Durrell claims that this clause is unforceable given that an at-will employment relationship cannot form the basis for consideration to enforce a non-compete agreement.

In Missouri, a non-compete agreement requires the support of adequate consideration, which is "'something of value that moves from one party to the other.'" *JumboSack Corp. v. Buyck*, 407 S.W.3d 51, 55 (Mo. Ct. App. 2013) (quoting *Sumners v. Service Vending Co.*, 102 S.W.3d 37, 41 (Mo. Ct. App. 2003)). "'A valuable consideration may consist of some right, interest, profit or benefit accruing to one party, or some forbearance, loss or responsibility given[,]

suffered or undertaken by the other.'" *Id.* (quoting *Reed, Roberts Assocs., Inc. v. Bailenson,* 537 S.W.2d 238, 240 (Mo. Ct. App.1976)) (alteration in *JumboSack*).

"An offer of at-will employment, or the continuation of at-will employment, is simply not a source of consideration under Missouri contract law." *Strain v. Murphy Oil USA, Inc.*, No. 6:15-CV-3246-MDH, 2016 WL 540810, at *4 (W.D. Mo. Feb. 9, 2016) (citing *Baker v. Bristol Care, Inc.,* 450 S.W.3d 770, 775 (Mo. banc 2014), *reh'g denied* (Oct. 28, 2014); *Jimenez v. Cintas Corp.,* 475 S.W.3d 679, 685 (Mo. Ct. App. 2015); *Baker Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 438 (Mo. Ct. App. 2010); *Morrow v. Hallmark Cards, Inc.*, 273 S.W.3d 15, 26 (Mo. Ct. App. 2008)). This is so because with at-will employment, "the employer makes no legally enforceable promise to do or refrain from doing anything that it is not already entitled to do. The employer can still terminate the employee immediately for any reason." *Baker,* 450 S.W.3d at 775. Therefore, there must be another source of consideration. *Strain*, 2016 WL 540810, at *4; *see also JumboSack*, 407 S.W.3d at 55-57 (listing other potential sources of consideration).

Here, Durrell alleges that he was an at-will employee subject to a non-compete clause. Nothing in the complaint shows that Tech offered any consideration in addition to Durrell's at-will employment status to secure his agreement to this clause. On the face of the complaint, therefore, Durrell's claim

that the clause is unenforceable given its lack of consideration adequately states a claim upon which relief can be granted. Tech's motion to dismiss this claim will be denied.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Robert Durrell's Amended Motion to File Second Amended Complaint [17] is **GRANTED**, and his original Motion to file Second Amended Complaint [15] is denied as moot.

**IT IS FURTHER ORDERED** that defendant Tech Electronics, Inc.'s Motion to Dismiss Counts IV, V, and VI of Plaintiff's Amended Complaint [8], which I construe to be directed to the second amended complaint, is **GRANTED** to the extent it seeks to dismiss plaintiff's claim of slander raised in Count IV. In all other respects, the Motion to Dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff Robert Durrell's Motion to File a Sur-Reply [12] is **DENIED.**

This case will be set for a Rule 16 scheduling conference by separate Order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2016.